605 F.2d 1073
 102 L.R.R.M. (BNA) 2439, 87 Lab.Cas. P 11,581
 CA 79-3549 In re BROTHERHOOD OF RAILWAY, AIRLINE AND
STEAMSHIP CLERKS, FREIGHT HANDLERS AND EXPRESS AND STATION
EMPLOYEES ("BRAC"), Bob D. Lynch, J. B. Byrd, James C.
Hurley, Arlinous Fells, W. R. Payne and Larry P. Cunningham,
Petitioners.
 No. 79-1769.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 13, 1979.
Decided Sept. 20, 1979.
 
 A. Fehr, Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo., for appellant.
 William M. Stapleton, Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, Mo., for appellee.
 Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 On August 28, 1979, members of the Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers and Express and Station Employees (BRAC) struck the Chicago, Rock Island and Pacific Railroad Company (Rock Island). The Rock Island was in receivership at the time the strike commenced. On September 10, 1979, BRAC members began picketing the Kansas City Railway Terminal Company (Terminal), which provides railroad terminal services and facilities in the Kansas City area. The next day, September 11, 1979, Terminal brought an action in the United States District Court for the Western District of Missouri seeking to enjoin picketing at and around the Terminal premises. The District Court issued a temporary restraining order forbidding picketing at the Terminal until September 21, 1979, and setting the suit for preliminary injunction for hearing on September 20, 1979. BRAC then filed, with this Court, an emergency petition for writs of mandamus and prohibition seeking to stay the temporary restraining order.
 
 
 2
 The first issue to be considered is whether a writ of mandamus may be used to challenge the issuance of a temporary restraining order. Since a temporary restraining order is not a final order or one of the interlocutory orders specifically made appealable by 28 U.S.C. § 1292, this Court is without jurisdiction to entertain a direct appeal of such an order. The extraordinary remedy of mandamus, however, may be used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction." Roche v. Evaporated Milk Assn., 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943). If the District Court was without jurisdiction to issue the temporary restraining order, a court of appeals has jurisdiction to dissolve that order by means of a writ of mandamus. The Court of Appeals for the Second Circuit expressly so held in Truck Drivers Local U. No. 807 v. Bohack Corp., 541 F.2d 312 (2d Cir. 1976), and we elect to follow the reasoning of that court.
 
 
 3
 We thus turn to the second issue for decision: whether the District Court had jurisdiction to issue the temporary restraining order. Petitioners argue that the Norris-LaGuardia Act, 29 U.S.C. §§ 101-115, deprives the District Court of jurisdiction to enjoin the picketing at the Terminal. 29 U.S.C. § 107 provides that District Courts are without jurisdiction to grant injunctive relief in cases "involving or growing out of a labor dispute" unless a hearing is conducted and specific findings are made that unlawful acts are being committed or threatened, and substantial and irreparable injury will occur if injunctive relief is not granted. Terminal contends that the picketing constitutes an unlawful secondary boycott and thus falls within the exception to the general provisions of the Norris-LaGuardia Act.
 
 
 4
 In Brotherhood of R. Trainmen v. Jacksonville Terminal Co., 394 U.S. 369, 89 S.Ct. 1109, 22 L.Ed.2d 344 (1969), the Supreme Court was confronted with a factual situation similar to the one in this case. The Court noted the difficulty in distinguishing between "legitimate 'primary activity' and banned 'secondary activity' " particularly in "common situs" cases.[1] Similar difficulty was noted by the court in Brotherhood of R. Train. v. Atlantic Coast Line R. Co., 362 F.2d 649 (5th Cir.), Aff'd, 385 U.S. 20, 87 S.Ct. 226, 17 L.Ed.2d 20 (1966). In that case, the court looked at the economic reality of the situation and determined that the secondary employer railroad terminal had substantially aligned itself with the primary employer. The court emphasized the services and facilities provided to the primary employer by the secondary employer. In addition, the court noted that the non-struck railroads using the terminal were in competition with the struck lines. The non-striking employees and their employers thus had a significant interest in the outcome of the primary strike.
 
 
 5
 On the record before us, we cannot apply the Fifth Circuit's "economic self-interest" test, or any other means of determining the legality of the picketing activity. Whether given labor activity is protected by federal law is largely a factual inquiry. Brotherhood of R. Train. v. Atlantic Coast Line R. Co., supra at 654. In the instant case, the District Court made no findings of fact concerning the economic relationship of the parties. Without a record and without such findings, there is no basis upon which we may determine whether the picketing constitutes a violation of the Railway Labor Act, nor are we in a position to determine whether, under the provisions of the Norris-LaGuardia Act, the District Court may grant relief. We have recognized that under the All Writs Statute, 28 U.S.C. § 1651(b), the extraordinary remedy of mandamus may be used in exceptional circumstances to review an interlocutory order of a district court which would not be appealable under28 U.S.C. § 1291 or § 1292. That writ should be used, however, only in the exceptional case where there is a clear abuse of discretion or usurpation of judicial power, Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953), and we should carefully circumscribe our use of mandamus in cases like this lest we end up reviewing actions of district courts that may not be reviewable at the stage at which mandamus is sought. See Will v. United States, 389 U.S. 90, 98 n.6, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). In light of those principles and the circumstances of this case, we will permit the District Court's order to terminate in accordance with its own terms.
 
 
 6
 For the reasons heretofore stated, the petition will be denied without prejudice to the right of the District Court to pass upon plaintiffs' application for preliminary injunction and to grant such relief should a proper showing be made and appropriate findings be prepared. We express no opinion as to the merits or as to the jurisdiction of the District Court. That court will be permitted to consider all questions before it, including the question of jurisdiction to grant preliminary relief.
 
 
 
 [1]
 Unlike the case at bar, Brotherhood of R. Trainmen v. Jacksonville Terminal Co., 394 U.S. 369, 89 S.Ct. 1109, 22 L.Ed.2d 344 (1969), involved a question of the propriety of a state court injunction and the doctrine of preemption. Nevertheless, the Court's discussion of secondary activity is useful in the present context as well